■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMIE WELKER, Appellant.—Appeal by the defendant, as limited by her motion, from a resentence of the County Court, Nassau County (Winick, J.), imposed January 3, 1985.

Resentence affirmed. No opinion.

The case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5). Mangano, J. P., Thompson and Bracken, JJ., concur.

Brown, J., dissents and votes to modify the resentence, as a matter of discretion in the interest of justice, by reducing it to a period of probation of three years.

The defendant, who had been sentenced to three years' probation following her plea of guilty to assault in the third degree, a class A misdemeanor, against a member of a family with whom she had resided, was resentenced to the maximum sentence of one-year incarceration upon being found to have violated the conditions of her probation. The violation was based upon evidence of the defendant's continued drug use and her failure to attend a high-risk pregnancy clinic. The defendant was remanded upon her being resentenced and thereafter served approximately 2½ months in jail before being released by Criminal Term upon bail pending appeal. During her incarceration, the defendant gave birth to a brain-damaged child. She is also the mother of three other children who apparently reside with the defendant's sister pursuant to an order of the Family Court.

It is my view that, under the circumstances of this case, the interest of justice would best be served by restoring the defendant—who has been at liberty pending appeal for the past 15 months—to strict probationary supervision with appropriate drug conditions, rather than to remand her to prison for the relatively short period of incarceration remaining under the imposed resentence.